IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY ABBOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-2441-KHV |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This "whistleblower" case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of the plaintiff, Jeffrey Abbott, for an order compelling the defendant, BNSF Railway Company ("BNSF"), to provide complete responses to certain discovery requests (**doc. 21**). BNSF filed a response (doc. 24). No timely reply was filed. For the reasons explained below, plaintiff's motion is granted.

Plaintiff was employed by BNSF as General Director of Railroad Training Services. His job included the training of engineers. Federal law requires that engineers be tested periodically to maintain their status, for obvious safety reasons. Plaintiff allegedly learned that an Assistant Vice President of BNSF, John Quilty, had not taken the test as required, but instead had another employee, Steve Rice, take the test for him; Rice allegedly signed in under Quilty's name, whereupon plaintiff reported the incident and a subsequent investigation proved the wrongdoing. Plaintiff was subsequently terminated for what BNSF alleges were reasons unrelated to this incident. Plaintiff filed this suit against BNSF alleging retaliatory discharge in violation of public policy (Count I) and breach of an implied contract

(Count II). BNSF has filed a motion to dismiss plaintiff's retaliation claim arguing that is preempted by the remedies and procedures under the Federal Railway Safety Act ("FRSA") (doc. 15). The motion has been fully briefed by the parties (*see* docs. 16, 20, and 25) and awaits a ruling by the presiding U.S. District Judge, Hon. Kathryn H. Vratil.

At issue in the instant motion to compel are plaintiff's opening interrogatories and requests for production of documents, which seek information concerning the identification of those required to take the Locomotive Engineer re-certification test, procedures for monitoring whether the engineer testing was being taken, information concerning the investigation into the Quilty/Rice incident, whether any employees had been disciplined for activities related to the test, the identity of those responsible for administering the test, the policy for administering discipline for violation of rules relating to the tests, other claims against BNSF for whistleblowing, any report of Quilty to the Federal Railroad Administration, and documents relating to plaintiff's internal complaint of discrimination because of his whistleblowing.[1] BNSF objected to these discovery requests on the grounds that the information requested relates only to the retaliation claim and the alleged the underlying report of a safety violation under the FRSA. BNSF also argues the information sought by these discovery requests is confidential, highly sensitive, and irrelevant. BNSF asks that it not be required to respond to these discovery requests until Judge Vratil has ruled the pending motion to dismiss.

Plaintiff argues that the information sought is relevant to the retaliation claim as well

---

[1] Interrogatory Nos. 8, 9, 11, 13, 14 and 15; Request for Production Nos. 5, 8, 9, 13 and 16.

as the breach of contract claim.  Plaintiff also argues that the fact that BNSF has filed a motion to dismiss the retaliation claim does not stay all discovery as to that claim without an order doing so.

Notably, BNSF did not raise the issue of staying discovery as related to the retaliation claim in the parties' report of planning meeting under Fed. R. Civ. P. 26(f).  Moreover, the court's scheduling order suggests that BNSF did flag this issue as a potential discovery problem (*see* doc. 8, p. 5 ¶ 2(d)).  And finally, as plaintiff points out, even after BNSF filed its motion to dismiss, there was no motion to stay discovery on the challenged retaliation claim.

In the parties' Rule 26(f) report, and as reflected by the scheduling order (*see* doc. 8, p. 8 ¶ 2(n)), the parties agreed that a protective order was warranted to protect specific information that BNSF would be producing to plaintiff in this case.  The parties filed a joint motion for protective order (doc. 10) and submitted their proposed protective order to the court.  The court granted the parties' joint motion and filed the protective order submitted by the parties on January 29, 2008 (doc. 11).  It appears that the intent of the order was to protect the type of information now sought by plaintiff and which BNSF obviously anticipated it would produce to plaintiff during discovery.  BNSF has not explained why, if it believed a stay of all discovery related to plaintiff's retaliation claim was warranted, it did not file an appropriate motion.  Had BNSF filed such motion, however, for the reasons stated below, the court would have most likely denied the motion.

As earlier indicated, BNSF argues that, while the discovery in issue may be relevant

to plaintiff's retaliation claim, is not relevant to his breach of contract claim. The court respectfully disagrees. Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[2] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[3] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[4] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[5] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[6]

Both the retaliation claim and breach of contract claim arise from same set of facts and

---

[2]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[3]*Id.* (citations omitted).

[4]*Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[5]8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[6]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

circumstances. The information at issue could possibly have a bearing on plaintiff's breach of contract claim, and therefore, appears relevant on its face. BNSF has not met its burden to establish the lack of relevance by demonstrating that the discovery at issue does not come within the broad scope of relevance or is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure. Therefore, the court finds that plaintiff is entitled to the information sought by the discovery requests at issue. BNSF shall provide complete responses to the interrogatories and requests for production of documents at issue to plaintiff by **May 16, 2008**. To the extent BNSF believes any information or documents are within the scope of the January 29, 2008 protective order (doc. 11), such shall be produced subject to that order.

IT IS SO ORDERED.

Dated this 6th day of May, 2008, at Kansas City, Kansas.

 s/James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge